# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs at Knoxville June 24, 2014

## CHRISTOPHER SCOTT CHAPMAN v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 13-CR-9899      Russell Lee Moore, Jr., Judge**

_____

**No. W2013-02361-CCA-R3-HC  - Filed July 29, 2014**

_____

The Petitioner, Christopher Scott Chapman, appeals as of right from the Lake County Circuit Court's dismissal of his petition for a writ of habeas corpus. The Petitioner contends that he was denied pretrial jail credits. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

James E. Lanier, District Public Defender; Patrick Ross McGill and Sean P. Day, Assistant Public Defenders, for the appellant, Christopher Scott Chapman.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

In 2005, the Petitioner pled guilty to aggravated assault in Davidson County and received a four-year sentence to be served on probation. Christopher Scott Chapman v. Henry Steward, Warden, No. W2012-02459-CCA-R3-HC, 2013 WL 3807997, at *1 (Tenn. Crim. App. July 17, 2013). In 2008, while still on probation, the Petitioner was indicted on new charges in Sumner County. Id. The Petitioner was ultimately convicted of aggravated assault and sentenced to six years. Id. The trial court ordered the Petitioner's six-year sentence to be served consecutively to the Davidson County four-year sentence for aggravated assault. Id.

On August 7, 2013, the Petitioner filed a petition for habeas corpus relief. The petition alleged that the Tennessee Department of Correction (TDOC) had denied him pretrial jail credits that were reflected on an amended judgment form.[1] To support his allegation, the Petitioner attached an amended judgment form for his Davidson County conviction. The amended judgment form reflected pretrial jail credits for November 8, 2004 to August 26, 2005, and August 11, 2008 to February 2, 2011. The Petitioner also attached a TOMIS report from the TDOC which showed that the Petitioner had received pretrial jail credits for November 8, 2004 to August 26, 2005, but not for August 11, 2008 to February 2, 2011. Following a hearing, the habeas corpus court dismissed the petition for failure to state a cognizable claim for habeas corpus relief.

On appeal, the Petitioner contends that the habeas corpus court erred in dismissing his petition. The Petitioner argues that any claim that a petitioner has been denied pretrial jail credits is cognizable in a habeas corpus proceeding regardless of whether the denial was caused by a trial court or the TDOC. The State responds that the Petitioner's claim that the TDOC failed to properly calculate his sentence after the trial court awarded him pretrial jail credits is not cognizable in a habeas corpus proceeding. We agree with the State.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

The failure of a trial court to credit a petitioner with mandated pretrial jail credit results in an illegal sentence; therefore, it is a cognizable claim for habeas corpus relief.

---

[1]The Petitioner also raised other issues in his petition. However, the Petitioner has not raised those issues in his appellate brief; therefore, he has waived review of those issues in this court.

Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). However, documents supporting a claim for habeas corpus relief "must come from the record of the underlying proceedings." Id. at 124. TOMIS reports are generated by the TDOC "following an inmate's transfer to prison" and cannot "be considered a part of the record of the underlying proceedings"; therefore, "a TOMIS report cannot be used to establish a claim for habeas corpus relief." Id. "Any disagreement regarding the information in TOMIS reports should be addressed via the Uniform Administrative Procedures Act." Id.

Here, the Petitioner made no complaint about the trial court's calculation of his pretrial jail credits. In fact, the Petitioner asserted that the pretrial jail credits awarded on his judgment form were correct and that the TDOC has failed to properly calculate his sentence as evidenced by the TOMIS report. As stated above, any disagreement between the information contained in the Petitioner's TOMIS report and the amended judgment must be resolved via the Uniform Administrative Procedures Act. Accordingly, we conclude that the habeas corpus court did not err in dismissing the petition for failure to state a cognizable claim for habeas corpus relief.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE